[811 NYS2d 97]

In the Matter of SUZANNE DRYSDALE (Admitted as SUZANNE AN-TOINETTE DRYSDALE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 28, 2006

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Alter & Barbara*, Brooklyn (*Bernard M. Alter* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition dated December 14, 2004, containing two charges of professional misconduct. The respondent served an answer dated January 25, 2005, in which, with the exception of two of the allegations of Charge Two, she admitted all of the factual allegations in the petition. By stipulation dated February 28, 2005, she admitted all of the factual allegations of Charge Two, and denied that the factual allegations of the petition constituted professional misconduct. After a preliminary conference on February 24, 2005, and a hearing on April 13, 2005, the Special Referee sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon respondent as the Court may deem just and proper. The respondent does not oppose the sustaining of the charges, but seeks to limit the discipline imposed to either referring the matter back to the petitioner for imposition of committee discipline only or, in the alternative, at most, a public censure.

Charge One alleges that the respondent engaged in a pattern of impermissible conflicts of interest in violation of Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between 1997 and 2001, the respondent owned and operated Vision Abstract, Inc., with offices at 1687 Flatbush Avenue, Brooklyn, and also operated a law office at 1689 Flatbush Avenue, Brooklyn. During that time she represented approximately 200 clients with respect to their purchase of real estate.

The respondent procured title abstract services and title insurance for those approximately 200 real estate clients through Vision Abstract, Inc., for which they paid sums of money to Vision Abstract, Inc.

The respondent failed to disclose her interest, or the implications of her interest, in Vision Abstract, Inc., to any of those approximately 200 clients.

Charge Two alleges that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-108 (a) (22 NYCRR 1200.27 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In the fall of 1999, Emalie Ogarro Charles retained the respondent's firm to represent her in purchasing real estate at 1028 East 96 Street, Brooklyn (hereinafter referred to as the premises), from Alaska Development Corp. On November 1, 1999, at the closing of title to the premises, Alaska Development Corp. conveyed the premises to Ms. Charles and Joseph Cobb. On or about March 7, 2000, the Kings County Office of the City Register recorded a deed dated November 1, 1999, from Alaska Development Corp. to Joseph Cobb alone.

Thereafter, the respondent represented Mr. Cobb in negotiating consideration from Ms. Charles for re-executing a deed conveying the premises to her. The respondent failed to obtain Ms. Charles' consent to represent Mr. Cobb in that matter.

Inasmuch as the respondent admitted all of the factual allegations in the petition, the petitioner submitted into evidence two exhibits, the stipulation, and the transcript of the investigative appearance on March 24, 2004, without calling any witnesses to testify. The respondent appeared with counsel, testified on her own behalf in mitigation, and presented two character witnesses, New York City Councilman Kendall Stewart and his chief of staff, Asquith Reid, who both testified as to the respondent's assistance to their constituents. The respondent also submitted three documents into evidence.

Councilman Stewart has known the respondent for about 10 years and her office is located opposite his council office in Brooklyn. The respondent has performed pro bono work through Councilman Stewart's office and he came to know her well because of her community services. He has been making referrals to her to perform services for those without money to hire a lawyer and describes her as honest, people-friendly, and a woman of high moral standing and veracity.

Asquith Reid ran Councilman Stewart's office and served as his chief of staff since 2002. He previously knew the respondent by name throughout the community and personally has known her since 1996. He attests to the respondent's good moral character and veracity.

Based upon the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained the two charges against the respondent. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent requests that the Court consider her lack of venal intent, that the problems underlying the charges have been resolved, that she has been out of the title insurance business since 2001, one year prior to the petitioner's investigation began, that she is a hard working attorney and single mother of two who renders pro bono assistance to members of her community, and that two character witnesses testified as to her good character and veracity.

The respondent's disciplinary history consists of two letters of caution and an admonition. In September 1997 she received a letter of caution for failing to promptly deliver escrow funds. In March 2001 she received a letter of caution for failing to reregister as an attorney, as required by the Judiciary Law and the Court rules. In November 2003 the respondent received an admonition for again failing to reregister as an attorney.

Under all of these circumstances, the respondent is censured for her professional misconduct.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and CRANE, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is censured for her professional misconduct.